**JAZZ PHOTO CORPORATION and Jack Benun, Appellants,**

**and**

**Anthony Cossentino, Appellant,**

v.

**INTERNATIONAL TRADE COMMISSION, Appellee,**

**and**

**Fuji Photo Film Co., Ltd., Intervenor.**

**Nos. 04–1613, 04–1614.**

United States Court of Appeals, Federal Circuit.

Jan. 26, 2005.

Before MICHEL, Chief Judge, BRYSON and PROST, Circuit Judges.

BRYSON, Circuit Judge.

*ORDER*

The International Trade Commission moves to dismiss the appeals filed by Jazz Photo Corporation, Jack Benun, and Anthony Cossentino, 04–1613, –1614, for lack of jurisdiction. Jazz Photo and Benun oppose. The ITC replies. Jazz Photo and Benun move for leave to file a surreply, with surreply attached.

The ITC issued notice that it declined to review the administrative law judge's determination that Jazz Photo, Benun, and Cossentino violated a general exclusion order and cease and desist order. The ITC noted:

In connection with the final disposition of the enforcement proceedings, the Commission may issue civil penalties for violations of its cease and desist order. The Commission has not yet ruled on whether it will adopt the specific enforcement measures recommended in the [initial enforcement decision].

Jazz Photo, Benun, and Cossentino appealed. The ITC moves to dismiss the appeals as premature because the penalty phase of the enforcement proceeding is not completed and thus there is no final determination. *See Crucible Materials Corp. v. International Trade Commission*, 127 F.3d 1057, 1060 (Fed.Cir.1997) (dismissing appeals as premature because, inter alia, the ITC had not yet decided issues of remedy in an enforcement proceeding).

We agree that, pursuant to *Crucible Materials,* the appeals filed by Jazz Photo, Benun, and Cossentino are premature. Jazz Photo and Benun argue that, unlike *Crucible Materials,* the appellants here believe that the ITC's order is adverse to them. Although the lack of an adverse determination was one factor mentioned in *Crucible Materials,* the presence of an adverse determination does not make a premature notice of appeal properly filed. Instead, the lack of an adverse determination would be a separate ground for dismissal of an appeal in appropriate circumstances.

We also note that in its motion to dismiss, the ITC cites to nonprecedential orders of this court. The ITC should be aware that this constitutes a clear violation of our rules. Fed. Cir. R. 47.6(b).

Accordingly,

IT IS ORDERED THAT:

(1) The ITC's motion to dismiss appeals 04–1613, –1614 as premature is granted.

(2) The motion for leave to file a surreply is granted.

(3) The revised official caption is reflected above.

(4) Each side shall bear its own costs.